UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM BLAKE,

    Plaintiff,

v.                                        CASE No. 8:12-CV-2736-T-TGW

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[2] Because the Commissioner of Social Security improperly used the medical-vocational guidelines in determining that the plaintiff was not disabled, the decision will be reversed and the matter remanded for further consideration.

---

    [1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue as defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

    [2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

I.

The plaintiff, who was fifty years old at the time of the administrative hearing and who has some college education, has worked primarily as a truck driver and laborer. He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to a stomach muscle injury, gout, and high blood pressure (Tr. 146). The claims were denied initially and upon reconsideration.

At his request, the plaintiff then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of osteoarthritis of the left knee and gout (Tr. 25). He concluded that these impairments limited the plaintiff to a wide range of light work (Tr. 28). Specifically, the law judge stated that the plaintiff had the following residual functional capacity (id.):

> He can lift and carry 20# occasionally and 10# frequently. He can sit, stand and walk 6 hours in an 8 hour work day. He has no limitations in his ability to push-pull with hand or foot controls. He can frequently climb ramps or stairs, but can only occasionally climb ladders, ropes, or scaffolds, balance, stoop, kneel, crouch, or crawl. He has no manipulative, visual, communicative or environmental limitations. He can hear, understand, remember and carry out simple routine and complex work instructions, and can interact appropriately with co-workers, supervisors and the general public.

The law judge determined that these limitations prevented the plaintiff from performing past work (Tr. 32). However, based upon the plaintiff's age, education, work experience, and residual functional capacity, the law judge decided that the medical-vocational guidelines directed a finding that the plaintiff was not disabled (Tr. 33). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A. In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

B. The administrative law judge decided the plaintiff's claim under regulations designed to incorporate vocational factors into the determination of disability claims. See 20 C.F.R. 404.1569, 416.969. Those regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. 404.1569a, 416.969a. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability, but is advisory only. Id.

III.

At the beginning of his memorandum the plaintiff states that he intends to raise three issues (Doc. 23, p. 2). The argument portion of the memorandum, however, only has one heading of an issue (id., p. 6). Nevertheless, the argument asserts two distinct contentions: (1) The law judge

did not adequately explain his credibility determination regarding the plaintiff's testimony about flare-ups from gout (id., p. 7), and (2) the law judge erred in relying upon the grids and not using a vocational expert (id., pp. 14-16). This latter contention has merit and warrants reversal.

In the Eleventh Circuit, "[e]xclusive reliance on the grids is not appropriate either when [a] claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills." Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985). In this case, the law judge's findings reflect nonexertional impairments. Eleventh Circuit decisions establish that, in light of the plaintiff's nonexertional limitations, the law judge could not rely upon the grids, but was required to employ a vocational expert.

In Allen v. Sullivan, 880 F.2d 1200 (11th Cir. 1989), a law judge found that the claimant had nonexertional limitations concerning performing complex tasks and tolerating extraordinary stress. The law judge found that these limitations reduced the full range of light work only slightly and therefore applied the grids to determine that the plaintiff was not disabled. Id. at 1201. The Eleventh Circuit concluded that this was reversible error. Quoting Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981)(emphasis in original), the court stated (880 F.2d at 1202):

> "It is only when the claimant can clearly do unlimited types of light work, ... that it is

> unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

The Eleventh Circuit reached a similar conclusion in <u>Marbury</u> v. <u>Sullivan</u>, 957 F.2d 837 (11th Cir. 1992). There, a law judge found that a claimant had a nonexertional limitation regarding working around unprotected heights or dangerous moving machinery. <u>Id</u>. at 839. He concluded that the claimant could perform a wide range of light work and, therefore, it was unnecessary to call a vocational expert. <u>Id</u>. The court of appeals reversed, citing the foregoing quotation from <u>Ferguson</u> v. <u>Schweiker</u> and <u>Allen</u> v. <u>Sullivan</u>. The court added (<u>id</u>.)(emphasis in original):

> Under the ALJ's findings it is evident that claimant was not able to do <u>unlimited</u> types of light work, because he was precluded from work around unprotected heights or dangerous moving machinery. Expert testimony was therefore required to determine whether Marbury's limitations were severe enough to preclude him from performing a wide range of light work. <u>Allen</u>, 880 F.2d at 1202. An ALJ's conclusion that a claimant's limitations do not significantly compromise his basic work skills or are not severe enough to preclude him from performing a wide range of light work is not supported by substantial evidence unless there is testimony from a vocational expert. <u>Id</u>. It was therefore error to rely upon the grids. <u>Sryock</u> v. <u>Heckler</u>, 764 F.2d 834, 836 (11th Cir. 1985).

In this case, the law judge found that the plaintiff "can frequently climb ramps or stairs, but can only occasionally climb ladders, ropes, or

scaffolds, balance, stoop, kneel, crouch or crawl" (Tr. 28). Such restrictions are considered nonexertional limitations. 20 C.F.R. 404.1569a(c)(vi), 416.969a(c)(vi). Therefore, the use of the grids was improper and a vocational expert was required. Notably, I have reached this same conclusion previously in cases involving postural limitations. Del Syens v. Astrue, Case No. 8:11-CV-1040-T-23TGW (Doc. 26, pp. 9-10); Stinson v. Astrue, Case No. 8:06-CV-1575-T-26TGW (Doc. 17, p. 7).

The Commissioner contends that Social Security Rulings 83-14 and 85-15 indicate that the plaintiff's particular limitations do not erode significantly the grid's occupational base and therefore do not preclude the law judge from concluding that the plaintiff can perform the full range of light work (Doc. 24, pp. 8-9). See 1983 WL 31254 (S.S.A.); 1985 WL 56857 (S.S.A.). This contention is unavailing because the Eleventh Circuit decisions of Marbury v. Sullivan and Allen v. Sullivan are binding on this court. In contrast, Social Security Rulings do not have the force of law and are not binding on the courts. Miller v. Commissioner of Social Security, 246 Fed. Appx. 660, 662 (11th Cir. 2007). Furthermore, Social Security Ruling 85-15 acknowledges that the services of a vocational expert may be necessary when the effects of an individual's limitations are uncertain. See 1985 WL 56857 at *6.

For the foregoing reasons, the law judge erred in relying exclusively on the medical-vocational guidelines and in failing to obtain the testimony of a vocational expert concerning the jobs that the plaintiff could perform in the national economy with his limitations.

The plaintiff's other challenge concerns the law judge's credibility determination. In view of the remand which will require another administrative hearing, the subsequent decision will in all likelihood contain a different statement of a credibility finding. Under these circumstances, it is appropriate to pretermit any assessment of the credibility finding in the current decision.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision is hereby **REVERSED**, and the matter is **REMANDED** for further consideration. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 10th day of January, 2014.

                                    THOMAS G. WILSON
                          UNITED STATES MAGISTRATE JUDGE